Filed 1/31/22  P. v. Alarcon CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B311345 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA203925) |
| v. | |
| ERNEST ALARCON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kerry B. Bensinger, Judge.  Reversed and remanded with directions.

Sally Patrone Brajevich, under appointment for the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez, Charles J. Sarosy, Amanda V. Lopez and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In July 2000, defendant and appellant Ernest Alarcon was convicted by jury of premeditated attempted murder and being a felon in possession of a firearm. The jury found true the allegation the attempted murder was committed for the benefit of, at the direction of, or in association with a criminal street gang. The charges arose from an attack by defendant and two fellow gang members against a rival gang member in June 1999. The jury found true the allegation defendant had suffered a prior assault conviction. The court imposed a second strike sentence of two life terms with the possibility of parole, plus an eight-year determinate term.

In an unpublished decision, we affirmed defendant's conviction. (*People v. Alarcon* (June 20, 2003, B149643) [nonpub. opn.].)

After the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed, in propria persona, a petition for resentencing pursuant to Penal Code section 1170.95. Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In February 2021, the trial court summarily denied defendant's petition, finding that defendant had failed to state a prima facie case for relief and was ineligible for relief as a matter of law because he was convicted of attempted murder, not murder.

Defendant appealed. In our original decision, we affirmed the denial of defendant's resentencing petition. Looking at the plain language of Penal Code section 1170.95, subdivision (a), we concluded the retroactive resentencing provisions applied only to those individuals "convicted of felony murder or murder under a

2

natural and probable consequences theory" and not to individuals, like defendant, convicted of attempted murder. (*People v. Alarcon* (Aug. 4, 2021, B311345) [nonpub. opn.].)

Defendant filed a petition for review asking the Supreme Court to grant review and defer briefing as this case raised the same issue then under review in *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175, that is, whether Senate Bill 1437 applies to attempted murder liability under the natural and probable consequences doctrine. The Supreme Court granted review on October 13, 2021.

In October 2021, while this case was pending in the Supreme Court, the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, amended the language of Penal Code section 1170.95 by, among other things, expanding the scope of the resentencing provision to include individuals who had been convicted of attempted murder under a natural and probable consequences theory. (Stats. 2021, ch. 551, § 2.)

On December 22, 2021, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of the passage of Senate Bill 775. Having vacated our original decision and reconsidered the issues presented in light of the new legislation, we now reverse and remand with directions to the superior court to appoint counsel for defendant, conduct further proceedings pursuant to Penal Code section 1170.95, subdivision (c) and if necessary, subdivision (d), as amended.

## DISCUSSION

As originally enacted, Senate Bill 1437 amended " 'the felony murder rule and the natural and probable consequences

3

doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Senate Bill 1437 also added Penal Code section 1170.95 which set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Former § 1170.95, subd. (a).)

Senate Bill 775, among other things, amended Penal Code section 1170.95, subdivision (a) to expand the individuals entitled to petition for resentencing. Subdivision (a) now expressly permits individuals convicted of attempted murder under a natural and probable consequences theory to file a petition for resentencing relief. In light of the new legislation, a defendant "is eligible for resentencing relief under section 1170.95 by virtue of his attempted murder conviction so long as [he] was convicted under a natural and probable consequences theory." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007.)

Here, the trial court summarily denied defendant's petition without appointing counsel on the grounds defendant was not convicted of murder and therefore was ineligible for relief as a matter of law. In light of the passage of Senate Bill 775 expanding the scope of individuals who may seek resentencing relief to expressly include individuals convicted of attempted murder under a natural and probable consequences theory, the trial court's order must be reversed.

Respondent disagrees, arguing the record of conviction, including statements in this court's 2003 unpublished decision affirming defendant's conviction, unequivocally demonstrates

4

that defendant was not convicted under a natural and probable consequences theory, and therefore he remains ineligible as a matter of law. We are not persuaded by respondent's arguments.

On remand, defendant, with the assistance of appointed counsel, and respondent shall be entitled to file their respective briefs. "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (Pen. Code, § 1170.95, subd. (c).)

In the event the court issues an order to show cause, the court shall conduct further proceedings in accordance with Penal Code section 1170.95, subdivision (d), as amended by Senate Bill 775.

## DISPOSITION

The order denying defendant's resentencing petition is reversed and the case remanded to the superior court. On remand, the superior court is directed to appoint counsel and conduct further proceedings pursuant to Penal Code section 1170.95, subdivision (c), as amended. In the event the court issues an order to show cause, the court shall conduct further proceedings in accordance with section 1170.95, subdivision (d), as amended.

GRIMES, Acting P. J.

WE CONCUR:

STRATTON, J.          WILEY, J.

5